# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SONNY WHITTED, | : |
|     Plaintiff, | : |
| vs. | :   CIVIL ACTION 06-000776-KD-B |
| RICHARD ROBERTS, | : |
|     Defendant. | : |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Sonny Whitted's Motion for Leave to Appeal In Forma Pauperis (Doc. 37). Whitted, an Alabama prisoner proceedings pro se, filed this action alleging various violations under 42 U.S.C. Section 1983. In his Complaint, Whitted alleged a constitutional deprivation arising out of a physical confrontation between himself and former Correctional Officer Richard Roberts that took place on September 18, 2006, in the hospital ward of Holman Correctional Facility. (Doc. 4). Whitted, who was recuperating from shoulder surgery, alleges that Defendant Roberts used excessive force when he allegedly grabbed Whitted's right wrist in an attempt to handcuff Whitted behind his back. Whitted further alleges that Defendant denied him medical care after the incident. (Docs. 4, 31).

Based upon a careful review of the record, the undersigned, on February 18, 2010, issued a Report and Recommendation (Doc. 32). In the report, the undersigned found that Whitted's allegations were

not sufficient to support his claim of excessive force. The undersigned also determined that Whitted failed to present facts which suggest that Defendant was deliberately indifferent to Whitted's medical needs following his forced removal from the prison infirmary on September 18, 2006. The evidence instead demonstrated that the prison staff, with the aid of a private physician, responded to the many medical concerns voiced by Whitted. Accordingly, the undersigned recommended the dismissal of Whitted's Complaint. On March 12, 2010, District Judge Dubose entered an Order adopting the Report and Recommendation, and a Judgment dismissing Whitted's Complaint. (Docs. 34, 35). On April 12, 2010, Whitted filed the instant Motion for Leave to Appeal In Forma Pauperis (Doc. 37).

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. 1915(a)(3); FED. R. APP. P. 24(a)(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v.

Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). The undersigned finds, for the reasons set forth in the Report and Recommendation (Doc. 32), that the issues Whitted seeks to raise on appeal, are "without arguable merit either in law or fact," and are therefore not brought in good faith. Accordingly, the undersigned recommends that Whitted's Motion for Leave to Appeal In Forma Pauperis (Doc. 37) be denied.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **27th** day of **April, 2010.**

                                        **/S/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. *Objection*. Any party who objects to this recommendation, or anything in it, must, within **fourteen (14)** days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate

---

[1]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.